[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a breach of contract action brought by Hallmark Totaltech, Inc., a Connecticut corporation which provides temporary personnel and consultants to businesses, against ESPN, Inc., a Delaware corporation doing business in the state of Connecticut. Hallmark alleges that on or about April 20, 1995 ESPN requested of Hallmark a temporary Oracle Forms 4.0 Consultant and that Hallmark provided a Mrs. Muskatello, now known as Linda Welti, for the position. Hallmark further contends that it confirmed the terms of the placement through a telephone conversation between the President of Hallmark, Andrew Parker, and Joseph Lion, the Director of Sales and Marketing Systems at ESPN, and then memorialized this arrangement and their understanding on the same day through a fax containing the following four conditions:
 A. ESPN would pay Hallmark Totaltech for all hours worked by the Consultant at the rate of $58.00 per hour.
 B. After twelve (12) weeks on assignment, ESPN had the right to hire the Consultant as its employee.
 C. ESPN was prohibited from hiring the Consultant as a temporary employee through any agency or employment service other than Hallmark Totaltech for a period of one (1) CT Page 2205 year after termination of the consultant's current assignment without the written consent of Hallmark Totaltech.
 D. ESPN was prohibited from hiring the Consultant as a temporary consultant through any temporary employment service other than Hallmark Totaltech for a period of one (1) year after termination of the current assignment without the written consent of Hallmark Totaltech.
Hallmark maintains that the Consultant began working at ESPN for which Hallmark was paid $58.00 an hour for every hour that she worked; that on or about December 15, 1995 she left the employment of Hallmark and entered the employ of another temporary employment company and resumed work at ESPN as a temporary Oracle Forms 4.0 consultant.
Hallmark maintains that ESPN, by accepting the consultant to perform work at its facilities agreed to be bound by the terms of its agreement with Hallmark Totaltech (i.e. the terms of the fax).
Plaintiff then alleges Mrs. Welti left its employment on December 15, 1995 and accepted employment from a temporary employment company other than plaintiff on December 16, 1995 and was then hired by ESPN as a temporary Oracle Forms 4.0 Consultant the same day, thus breaching its agreement with Hallmark not to accept Mrs. Welti as a consultant at ESPN through any other temporary personnel employment service for a period of one year after termination of the current assignment without the written consent of plaintiff. (i.e. a breach of paragraph D of the faxed agreement).
ESPN has filed an answer in which it denies the principal allegations of the plaintiff's complaint including any allegation that it accepted the conditions, particularly Condition D, of the faxed instrument. The defendant also entered a special defense that the plaintiff's claims are barred by the statute of frauds as embodied in Connecticut General Statute Section 52-550.
The court having heard the parties and examined the exhibits and the briefs, finds the issues for the defendant. In the opinion of the court the plaintiff was unable to establish by a CT Page 2206 fair preponderance of credible evidence that a meeting of the minds occurred as to the fourth paragraph of the faxed statement which is the paragraph on which the plaintiff bases its allegation of breach of contract.
Andrew Parker, president and sole shareholder of Hallmark, maintained that he entered into an oral agreement on or about May 3, 1995 with Joseph Lion, director of sales for ESPN which was followed up by a letter faxed to Lion at his request detailing the terms of the alleged agreement. The court finds, however, that although Lion did retain the services of Ms. Welti, he negotiated with James LaMontagne, an employee and agent of Hallmark, and did not negotiate at all with Mr. Parker and further that the agreement they reached did not include the understanding that for a period of one year following the termination of Welti's assignment with ESPN, ESPN could not hire her as a consultant through another temporary placement agency. The court notes that Hallmark paid LaMontagne $1,000.00 for the placement of Welti with ESPN.
The court believes that the negotiators agreed on just three things: Welti's starting date, the billing rate — $58.00 per hour; and ESPN's right to hire Welti as its own employee after twelve weeks without penalty. At the time of Welti's placement ESPN had never entered into a written contract for the placement of a consultant but had always accepted placements orally based solely on agreements as to starting date and billing rate.
The court finds that Lion did not request a written agreement and that although Parker did send a fax to ESPN on May 3, 1995 it was a letter automatically generated by Hallmark when a placement is made and neither Lion or his superior, Mr. Tamburo, ever saw it and ever signed it and the defendant never assented to it. Without the assent of the defendant by its representatives there was no meeting of the minds as to the restriction in the fourth paragraph and no breach of contract.
The court also finds for the defendant as to the special defense; being of the opinion that the alleged contract read in its entirety could not be performed within one year, and not being in writing signed by the party to be charged violates the statute of frauds.
Judgment may enter for the defendant. CT Page 2207
Robert J. Hale State Judge Referee